

# The Attorney General of Texas

December 1, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Roy Blake, Chairman
Senate Committee on Administration
Texas State Senate
G-27-J, State Capitol Building
Austin, Texas   78711

Opinion No. MW-519

Re: Whether funds appropriated for college construction by second called session of the Sixty-seventh Legislature may be expended without coordinating board approval

Dear Senator Blake:

You have requested our opinion as to whether certain funds appropriated for college construction may be expended without approval of the coordinating board.

House Bill No. 1, was enacted in May 1982, and became effective upon the adoption of the amendment to article VII, section 17 of the Texas Constitution at the November 2, 1982 election. Acts 1982, 67th Leg., 2d called session, ch. 1, at 1, provides, in pertinent part:

> Section 1. In addition to sums previously appropriated, the following amounts are appropriated to the named institutions of higher education from the general revenue fund and other funds that may be specified for the purpose of constructing permanent improvements, acquisition of land, and major repair and rehabilitation projects as listed, and those projects or improvements are hereby authorized. Those institutions for which new construction only is authorized may use appropriated funds for major repair and rehabilitation.

There follow specific appropriations for 17 named institutions, together with details regarding the purpose of the expenditures. The first two appropriations, for example, provide as follows:

1.  The University of Texas at Arlington

    New Construction:

     a. Thermal Energy Plant
     b. Architecture Building
     c. Engineering Building

Major Repairs and Rehabilitation:

     d. Renovation of Cooper Center

TOTAL APPROPRIATION           $25,000,000

2. Texas Tech University

New Construction:

     a. Library Basement Alterations for Computer Center
     b. South Utilities Tunnel Interconnect
     c. Completion of Subbasement in Art Building

Major Repairs and Rehabilitation

     d. Industrial Engineering Building
     e. Civil and Mechanical Engineering Building

TOTAL APPROPRIATION           $ 5,900,000

Section 2 of House Bill No. 1 then states:

> Funds appropriated in this Act may be expended only after the advance approval of the Coordinating Board, Texas College and University System, in accordance with the statutory responsibilities of the board. A project shall not be initiated until the governing board of the institution has determined that there are sufficient funds available to complete the project. (Emphasis added).

Section 3 of the bill states:

> Part of each institution's appropriation under this Act represents a distribution of the undistributed balance of the state ad valorem tax fund and the remainder is appropriated from the general revenue fund. Each institution's distribution from the state ad valorem tax fund is in the same proportion that the institution's total of funds appropriated and distributed under

this Act bears to the total appropriated and distributed under this Act to all institutions.

You ask whether section 2 requires that the funds appropriated by House Bill No. 1 "be expended only after the advance approval of the Coordinating Board."

Section 61.058 of the Education Code provides, in pertinent part:

To assure efficient use of construction funds and the orderly development of physical plants to accommodate projected college student enrollment, the board shall:

. . . .

(8) approve or disapprove all new construction and repair and rehabilitation of all building and facilities at institutions of higher education financed from any source other than ad valorem tax receipts of the public junior colleges, provided that:

. . . .

(D) the requirement of approval or disapproval by the board does not apply to any new construction or major repair and rehabilitation project that is specifically approved by the legislature.

We note initially that the appropriations described herein would be invalid if they attempted to modify general law. Moore v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946); Attorney General Opinions MW-51 (1979); V-1253 (1951). Section 2 clearly states, however, that coordinating board approval is required "in accordance with the statutory responsibilities of the board." Those statutory responsibilities include an exception limiting the need for board approval in the situation you present. See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975).

Each of the 17 appropriations is categorized by House Bill No. 1 as either "new construction" or "major repair and rehabilitation." The items of appropriation detail the purposes for which the expenditures are to be made. In our opinion, it is clear that the legislature has "specifically approved" each of the "new construction" and "major repair and rehabilitation" projects funded by House Bill No. 1. As a result, in accordance with subsection (8)(D) of section

61.058 of the Education Code, coordinating board approval is not required for any of the projects.

S U M M A R Y

In accordance with section 61.058 of the Education Code, approval by the Coordinating Board of the Texas College and University System is not required to expend any of the funds appropriated in House Bill No. 1, Acts 1982, 67th Leg., ch. 1, at 1, for "new construction" and "major repairs and rehabilitation" at any of 17 named institutions of higher education.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Lance Beversdorff
Rick Gilpin
Patricia Hinojosa
Jim Moellinger